IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEE DEE S. CHAVERS<br>6701 Rabbit Court<br>Waldorf, Maryland 20603 | ) ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| GORDON H. MANSFIELD,<br>ACTING SECRETARY,<br>Department of Veterans Affairs,<br>50 Irving St., NW<br>Wash., DC | ) ) ) ) ) ) | |
| Defendant | ) ) | |

## COMPLAINT

Plaintiff, Dee Dee S. Chavers, by and through her undersigned counsel, complains of the Defendant as follows:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction and venue is proper because Plaintiff is employed in Washington, D.C. by the Defendant and more than 180 days have passed since Plaintiff filed her formal EEO complaints of discrimination with the Defendant.

### PARTIES

2. Plaintiff Dee Dee S. Chavers is a resident of Waldorf, Charles County, Maryland.

3. On information and belief, Defendant, Gordon H. Mansfield, Acting Secretary, Department of Veterans Affairs, is named in his official capacity as Acting Secretary of the Agency that employs Plaintiff within the U.S. Government.

## FACTS

4. This action is filed under Title VII of the Civil Rights Act of 1964 and § 501 of the Rehabilitation Act of 1973, as amended, 20 U.S.C. § 791 et seq. ("the Rehabilitation Act").

5. Plaintiff has been employed as a Program Specialist at the Department of Veterans Affairs Medical Center in Washington, D.C. since August 11, 2001. She works in Nursing Education. Her office is located in the basement of the Medical Center.

6. Plaintiff is female.

7. Plaintiff suffers from disabilities (tinnitus, osteoarthritis, lumbar apophyseal joints, degenerative joint disease, low back condition, left foot, coronary disease, major depression, and job-related stress) that substantially limit one or more of her major life activities. She is a 30 percent or greater compensable service-connected disabled veteran.

### The June 7, 2005 Incident

8. On June 7, 2005, as Plaintiff was leaving the Nursing Education classroom, Room GC213, she encountered a male employee in the Building and Trades Unit of the Facilities Management Service (BTU) at the Medical Center.

9. The BTU employee blocked Plaintiff's path with his red heavy duty steel work cart, pinning Plaintiff with his cart against the Nursing Education classroom door.

10. Immediately feeling uncomfortable and trapped, Plaintiff asked him to move. The BTU employee responded, "Not until you give me a kiss for the work that I have done."

11. Plaintiff told the BTU employee that he is paid by Department of Veterans Affairs, for the work he does and that she did not owe him anything. The BTU employee

responded, "I am not moving until you give me a kiss."

12. Plaintiff attempted to get away from the BTU employee, but each time she moved, the BTU employee moved his red steel cart forward and backward in order to block her in.

13. Plaintiff began to feel physically threatened, claustrophobic, trapped and helpless. She tried pushing the BTU employee and his cart away from her but the weight of the BTU employee, over 300 pounds, and the weight of the steel cart were too much for her. Finally, another male employee came by and told the BTU employee to let her go.

14. Plaintiff injured her neck, back, right shoulder, right arm and right wrist in trying to escape from the BTU employee. She continues to receive counseling for emotional distress, and medical treatment and physical therapy for her physical injuries.

## Other Incidents Involving the BTU Employee

15. Prior to the June 7, 2005 incident, Defendant knew or should have known that the BTU employee was sexually harassing female employees.

16. In or about 2000, a female former Medical Center employee complained to Defendant that that the BTU employee inappropriately hugged her.

17. In or about 2003, a group of male employees told the BTU employee's supervisor during roll call that the BTU employee trapped nurses in the elevator with his cart. The group of employees had been discussing the BTU employee's inappropriate behavior toward women and it was the "unanimous decision" in the shop to tell his supervisor during roll call that the BTU employee was trapping women in the elevator. The supervisor responded that "it was being taken care of."

18. In or about December 2004, Plaintiff advised her supervisor, that the BTU

employee made comments to a nurse that the nurse found inappropriate.

19.    When Plaintiff reported the June 7, 2005 incident to the EEO Specialist, the EEO Specialist immediately responded, "Is he at it again?"

20.    When the male employee encountered the BTU employee trapping Ms. Chavers with his cart, the male employee stated, "This is why we always hear about you getting [written up]."

21.    Plaintiff was fearful of what the BTU employee would do if she reported the incident, she did not report the incident immediately.

22.    On or about June 14, 2005 Plaintiff provided a voluntary witness statement to the Department of Veterans Affairs Medical Center Police Service.

23.    After Plaintiff reported the assault, several female employees advised her that they had similar experiences with the BTU employee.

24.    The Defendant knew or should have known that the BTU employee was the type of person who made women feel uncomfortable.

25.    At or around the time of the June 7, 2005 assault on Plaintiff, the BTU employee assaulted two other female employees.

26.    On or about June 9, 2005, the BTU employee used his red cart to prevent a female employee from getting off the elevator. The following day, the BTU employee used his red cart to block her against the wall. After blocking her movement with his cart, Mr. Rogers began putting his hands on her. He got mad after she told him not to do that.

27.    On or about June 7, 2005, the BTU employee put his arms around a second female employee while breathing on her neck. When the second female employee asked him to stop, he became angry with her.

### The BTU Employee's Criminal Record

28. On or about August 21, 2006, Plaintiff went to the District of Columbia Superior Court to see if the BTU employee had a criminal record. She learned that he was arrested on November 7, 2002 for assault, attempted second degree cruelty to children and attempted possession of a prohibited weapon. The arrest record indicates that the BTU employee advised the police that he was employed by the VA.

29. In 2003-2004, all employees at the VA had to undergo a comprehensive background check. The Defendant at that time knew or should have known about the BTU employee's alleged unlawful behavior.

### Plaintiff's Request for Panic Button

30. On information and belief, the BTU employee retired from his position with the VA shortly after Plaintiff reported the assault. However, because the BTU employee is a veteran, he can continue to visit the hospital for medical services.

31. Because Plaintiff was fearful that the BTU employee might gain access to the Medical Center and physically harm her, on or about July 7, 2005, she sent a request to the Department of Veterans Affairs Medical Center Police Detective for a panic button to be installed in her basement office. The Defendant did not install the panic button until February 2006.

### Defendant's Discrimination Based on Retaliation and Plaintiff's Disabilities

32. Plaintiff suffers from disabilities (tinnitus, osteoarthritis, lumbar apophyseal joints, degenerative joint disease, low back condition, left foot, coronary disease, major depression, and job-related stress) that substantially limit one or more of her major life activities. She is a 30 percent or greater compensable service-connected disabled veteran.

33. On or about June 14, 2005, Plaintiff reported the June 7, 2005 incident to the Department of Veterans Affairs Medical Center EEO Specialist.

34. On or about September 14, 2005 Plaintiff filed a formal complaint of discrimination with the Defendant.

35. After Plaintiff reported the June 7, 2005 incident and filed her complaint of discrimination, Defendant engaged in discriminatory retaliation by failing to select Plaintiff for various promotional opportunities despite the fact that Plaintiff was well-qualified for these opportunities and had veteran's preference status.

36. Defendant failed to select Plaintiff for various promotional opportunities because of her disabilities.

37. Defendant's failure to select Plaintiff for any of the promotional positions amounts to a continuing violation.

38. On or about September 1, 2005, Defendant did not select Plaintiff for the position of Administrative Officer, GS-0301-9/11/12 (Neurology Service), vacancy announcement no. NEU-05-90.

39. On or about September 30, 2005, Defendant did not select Plaintiff for the position of Human Resources Specialist, GS-201-05(T) 12, vacancy announcement no. HRMS 05-165.

40. On or about March 9, 2006, Defendant did not select Plaintiff for the position of Program Specialist, GS-0301-9/11/12, vacancy announcement no. OSP-05-221A.

41. On or about August 7, 2006, Plaintiff became aware that Defendant had not selected her for the position of Administrative Officer, GS-0341 9/12, vacancy announcement no. DEN-06-45.

42. On September 11, 2006, Defendant did not select Plaintiff for the position of Staff Assistant, GS-0301-9/11, vacancy announcement no. NURS-06-64.

43. Plaintiff would have been able to perform the essential functions of the positions at issue either with or without an accommodation.

44. The selecting officials for each of the positions at issue were aware of Plaintiff's disabilities and her prior EEO activity.

## Count 1

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-44.

46. Defendant failed to take appropriate remedial action to prevent Plaintiff from being sexually assaulted and harassed by the BTU employee.

47. By and through its conduct, Defendant subjected Plaintiff to unlawful sexual harassment in violation of Title VII of the Civil Rights Act of 1964.

## Count 2

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-47.

49. By and through its conduct, Defendant violated the Rehabilitation Act by discriminating against Plaintiff based on her disability.

## Count 3

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-49.

51. By and through its conduct, Defendant discriminated against Plaintiff in reprisal for filing an EEO complaint in violation of Title VII.

## JURY DEMAND

Plaintiff demands a trial by jury on each count in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant on Counts 1-3, and seeks front pay/benefits, and damages to be determined by a jury for lost wages, lost benefits, compensatory damages for pain and suffering, mental anguish, emotional distress and in addition, Plaintiff demands reasonable attorneys' fees.

Date: October 23, 2007

Alan Lescht & Associates, P.C.

_____
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
1050 17th Street, N.W., Suite 220
Washington, DC  20036
202-463-6036
202-463-6067 (fax)
Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Dee Dee S. Chavers
6701 Rabbit Court
Waldorf, MD 20603

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Charles**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Alan Lescht
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 220
Wash, DC 20036
202-463-6036

## DEFENDANTS
Gordon H. Mansfield, Acting Secretary, Dep't of Veterans Affairs
50 Irving St., NW
Wash., DC 20422

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII and Rehabilitation Act: unlawful sexual harassment and denial of promotions in employment

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 300000    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 10/23/07    SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.