THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEE DEE CHAVERS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | C.A. No.:07-1911 RWR |
| : | |
| **GORDON MANSFIELD,** : | |
| **Acting Secretary,** : | |
| **Department of Veterans Affairs** : | |
| : | |
| **Defendant.** : | |
| _____ | |

## DEFENDANT'S ANSWER

Defendant, by and through the United States Attorney for the District of Columbia, respectfully submits the following answer to Plaintiff's Complaint:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff failed to exhaust her administrative remedies with respect to certain claims raised in the Complaint.

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

1. This paragraph contains of conclusions of law and Plaintiff's jurisdictional statements to which no responses are required. To the extent a response may be deemed required, Defendant denies these statements and conclusions. Defendant admits that Plaintiff is employed by Defendant, but is without

sufficient information at this time to admit or deny the allegation regarding the time of Plaintiff's filing of her EEO complaint.

2. Defendant is without sufficient information to either admit or deny the allegation in this subparagraph, accordingly, the allegation is denied.

3. Defendant admits that Defendant is the Acting Secretary, Department of Veterans Affairs, and that Plaintiff is an employee with the Department of Veterans Affairs. Defendant is without sufficient information to either admit or deny the remaining allegations in this subparagraph, accordingly, the allegations are denied.

4. The allegations contained in this paragraph consist of conclusions of law to which no responses are required.

5. Deny. Defendant was hired by the Department of Veterans Affairs effective August 12, 2001 as a Medical Clerk, Nursing Services. Plaintiff currently works as a Program Specialist, Office of Research Oversight (ORO), VA Medical Center, Washington, DC.

6. Admit.

7. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

8. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

9. Defendant admits that Albert Rogers, a former VA Medical Center employee, blocked Plaintiff's path with a red work cart. Defendant is without sufficient

information to either admit or deny the remaining allegations in this subparagraph, accordingly, the allegations are denied.

10. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

11. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

12. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

13. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

14. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

15. Deny.

16. Admit.

17. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

18. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

19. Deny.

20. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

21. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

22. Admit.

23. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

24. Deny.

25. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

26. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

27. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

28. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

29. Deny.

30. In response to the allegations in this subparagraph, Defendant avers that on June 20, 2005, Albert Rogers served the agency by letter of his intent to retire from Federal Service as of July 1, 2005. Mr. Rogers is a Veteran who is entitled to receive medical services at the VA.

31. Defendant admits that Plaintiff requested that a panic button be installed in her basement office and that the Defendant did install the button. Defendant is without sufficient information to either admit or deny the remaining allegations in this subparagraph, accordingly, these allegations are denied.

32. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

33. Defendant denies that Plaintiff reported the alleged incident on the stated date, and avers that on June 13, 2005, Plaintiff reported the incident to Carol Mather, EEO Specialist, Department of Veterans Affairs, Medical Center Washington, DC.

34. Admit.

35. Deny.

36. Deny.

37. Deny.

38. Admit.

39. Admit.

40. Admit that Defendant did not select Plaintiff for the position of Program Specialist, GS-0301-9/11 12, vacancy announcement no. OSP-05221A.

41. Admit that Defendant did not select Plaintiff for the position of Administrative Officer, GS-0341 9/12, vacancy announcement no DEN-06-45.

42. Admit that Defendant did not select Plaintiff for the position of Staff Assistant, GS-0301-9/11, vacancy announcement no. NURS-06-64.

43. Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

44. Defendant admits that Geraldine A. Feaster, selecting official for the position of Administrative Officer, GS-0341 9/12 was aware of the Plaintiff's prior EEO activity. Defendant denies the remaining allegations in this subparagraph.

45.  Defendant reasserts his responses to paragraphs 1 through 44 as if fully set forth herein.

46. Deny.

47. Deny

48. Defendant reasserts his responses to paragraphs 1 through 47 as if fully set forth herein.

49. Deny.

50.  Defendant reasserts his responses to paragraphs 1 through 49 as if fully set forth herein.

51.  Deny.

Plaintiff's jury demand and demand for relief require no response from Defendant, except to the extent that Defendant avers that Plaintiff is entitled to no relief whatsoever.

                          Respectfully submitted,

                        ___/s /_____
                        JEFFREY A. TAYLOR, D.C. BAR #498610
                        United States Attorney

                        __/s/_____
                        RUDOLPH CONTRERAS, D.C. BAR #434122
                        Assistant United States Attorney

                        __/s/_____
                        ALEXANDER D. SHOAIBI, D.C. BAR #423587
                        Assistant United States Attorney
                        501 Third Street, N.W., Rm E-4218
                        Washington, D.C.  20530
                        (202) 514-7236

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was served through the ECF system on plaintiff's counsel on this 5th day of February, 2008.

                                      _____//_____
                                      ASSISTANT UNITED STATES ATTORNEY